IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CONOPCO, INC. d/b/a<br>FOOD SERVICE DIRECT<br><br>  **Plaintiff,**<br><br>v.<br><br>REBEL SMUGGLING, LLC<br>**Serve:**<br>**James Daniels, Registered Agent**<br>**235 Main Street, 117**<br>**Venice CA 90291**<br><br>  **Defendant.** | Case No. 2:21-cv-347<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Conopco, Inc. d/b/a Food Service Direct ("Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant Rebel Smuggling, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq*., common law copyright infringement, and breach of contract under Virginia law.

2. This action involves the unauthorized copying by Defendant of copyrighted content from Plaintiff's website. Such unauthorized copying constitutes copyright infringement under federal and state law. Because such copying also violated the Terms of Use posted on Plaintiff's website, the unauthorized copying also constitutes breach of contract.

3. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary

and permanent injunctive relief, Plaintiff's damages, and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

## PARTIES

4. Plaintiff Conopco, Inc. d/b/a Food Service Direct ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Plaintiff also has an office located at 2 Eaton Street, Suite 805, Hampton, Virginia 23669.

5. Upon information and belief, Defendant Rebel Smuggling, LLC ("Defendant") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1910 Fertado Lane, Brentwood, California 94513. Upon information and belief, Defendant also maintains an office located at 4421 Giannecchini Lane #A, Stockton, California 95206.

## JURISDICTION AND VENUE

6. This Complaint alleges three causes of action: (1) copyright infringement arising under 17 U.S.C. § 101, *et seq*. (the federal Copyright Act); (2) common law copyright infringement; and (3) breach of contract.

7. This Court has original jurisdiction over the first Count of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (original jurisdiction over copyright actions).

8. This Court has jurisdiction over the Second and Third Counts under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and because judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdictions over the state law claims.

9. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because, on information and belief, Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

10. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant does business in the Commonwealth of Virginia and has engaged in the conduct alleged in this Complaint in Virginia. Specifically, the website from which Defendant copied the material at issue in this Complaint included terms of use stating that: "By using the Sites, you agree and acknowledge that the Sites are operated by FSD from its offices in Hampton, Virginia, USA and Englewood Cliffs, New Jersey, USA." In addition, upon information and belief, Defendant has used the unlawfully copied content to sell bulk food items to customers in the Commonwealth of Virginia and in this judicial district.

11. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1400(a) with respect to the copyright infringement claims alleged herein because Defendant is subject to personal jurisdiction in this District.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because part of the events or omissions giving rise to the claims in this action occurred in the Norfolk Division of the United States District Court for the Eastern District of Virginia.

**PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY**

13. Established in 1999, Plaintiff is in the business of shipping bulk food products to its customers. Plaintiff specializes in hard-to-find inventory. For more than twenty years, Plaintiff has also shipped frozen and refrigerated items in bulk.

14. Plaintiff's digital marketplace is located at https://www.foodservicedirect.com/ ("Plaintiff's Website"). The manner in which product data is arranged on Plaintiff's Website

makes it easy for the customer to navigate the website to select and purchase items. This ease of use is a primary driver of Plaintiff's popularity vis-à-vis its competitors.

15. Over the past twenty years, Plaintiff has carefully refined its product categorization system to optimize the customer's experience. Plaintiff has expended much effort, expense, and creativity to develop its copyrighted categorization system, which includes multilevel product categorization and carefully tailored product descriptions.

16. Specifically, Plaintiff specially commissioned Thiruvarul Bpo Service to create compilations of data and website content as works made for hire under 17 U.S.C. § 101. Because Plaintiff specifically commissioned these works as a work made for hire, Plaintiff owns any and all copyright rights in these works.

17. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. TXu 2-247-600 titled "Food Service Direct Database 2019," directed to a compilation of data compiled for use on Plaintiff's Website and including many levels of product categorizations and product descriptions.

18. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. TXu-2-247-595 titled "Food Service Direct Database 2021," directed to a compilation of data complied for use on Plaintiff's Website and including many levels of product categorizations and product descriptions.

19. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. TXu-2-253-467 titled "Food Service Direct Website," directed to the content of Plaintiff's Website.

20. The aforementioned copyright registrations are attached hereto as **Exhibit A** through **Exhibit C**. Collectively, the copyrighted content protected by these registrations will

hereafter be referred to as the "Copyrighted Work."

21. Consistent with 17 U.S.C. § 102, the Copyrighted Work at issue relates to original works of authorship fixed in a tangible medium of expression. The artful manner in which products are categorized and described constitutes original and protected elements of the Copyrighted Work.

22. Plaintiff has published and displayed the Copyrighted Work by displaying it on Plaintiff's Website where the work may be accessed and viewed by the public.

23. Plaintiff's Website includes appropriate copyright notices indicating that Plaintiff is the owner of all rights in the Copyrighted Work.

24. The Copyrighted Work is of significant value to Plaintiff because the manner in which product data is arranged on Plaintiff's Website makes it easy for the customer to navigate the website to select and purchase items. This ease of use is a primary driver of Plaintiff's popularity vis-à-vis its competitors.

## DEFENDANT'S BUSINESS AND COPYRIGHT INFRINGEMENT

25. Established only five years ago, Defendant also sells food products in bulk. Defendant operates a website located at https://rebelsmuggling.com/ ("Defendant's Website") through which it purports to provide "foodservice plunder for our rebel friends." *Id.*

26. Upon information and belief, rather than develop its own uniquely arranged website, Defendant deliberately copied the product categorization system and descriptions found on Plaintiff's Website.

27. Upon information and belief, Defendant engaged in unauthorized copying and unauthorized public display of the Copyrighted Work beginning in or around April of 2020. Upon information and belief, from April 2020 to the present, Defendant has unlawfully

displayed the Copyrighted Work, or a derivative thereof, to its benefit and to the detriment of Plaintiff.

28.     For example, Defendant's first level product categorization system is nearly identical to Plaintiff's first level product categorization system. At the first level, a customer on Defendant's Website may select from the following categories: "Foods," "Beverages," "International Foods," "Disposables," "Janitorial Supplies," "Kitchen Smallware," "Dinnerware," and "Kitchen Equipment." *See* https://rebelsmuggling.com/. At the first level on Plaintiff's Website, a customer may select from the following categories: "Foods," "Beverages," "International Foods," "Disposables," "Janitorial Supplies," "Kitchen Smallware," "Dinnerware," "Kitchen Equipment," and "Health and Personal Care." *See* https://www.foodservicedirect.com/.

29.     Indeed, the extent to which Defendant's Website product categorizations identically overlap with Plaintiff's Website categorizations is dramatic and only supports the inference that Defendant deliberately copied and/or created a derivative work of Plaintiff's Copyrighted Work. 100 percent of Defendant's level 1 product categorizations were copied from Plaintiff's level 1 product categorizations; 84.29 percent of Defendant's level 2 product categorizations were copied from Plaintiff's level 2 product categorizations; 81.96 percent of Defendant's level 3 product categorizations were copied from Plaintiff's level 3 product categorizations; and 78.55 percent of Defendant's level 4 categorizations were copied from Plaintiff's level 4 categorization.

30.     Defendant's copying of Plaintiff's product descriptions is dramatically evident given the extent to which Defendant copied typos from Plaintiff's website. For example, "French Salad Dresssing" (with three s's in "Dressing") is a product description on Plaintiff's website.

6

Because Defendant precisely copied from Plaintiff's Website, Defendant displays a product description bearing the same typographical error..

31. Similar typos from Plaintiff's website are incorporated into Defendant's spellings of "ricotta cheese," "tzatsiki," and numerous other items. Moreover, like the FSD website, the Rebel Smuggling website repeatedly uses improper or unconventional pluralizations (e.g., "trouts" instead of "trout").

32. In view of the above, Defendant's Website contains unauthorized copies of Plaintiff's Copyrighted Work and/or unauthorized derivative works substantially similar to Plaintiff's Copyrighted Work. Collectively, the infringing content available on Defendant's Website will hereafter be referred to as the "Infringing Work."

33. Upon information and belief, Defendant's identical copying and exploitation of portions of the Copyrighted Work in the Infringing Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the benefit and value associated with the Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

34. As a result of Defendant's actions described herein, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, and display of the Copyrighted Work.

35. Defendants actions are causing, and unless restrained, will continue to cause

damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

### DEFENDANT'S VIOLATION OF PLAINTIFF'S TERMS OF USE

36. Through use of Plaintiff's Website, users, including Defendant, agree to abide by Plaintiff's Terms of Use ("Terms"), which are attached hereto as **Exhibit D** and also available at https://www.foodservicedirect.com/terms-of-use.

37. As shown by Exhibit E, the Terms were last updated on October 1, 2018. Accordingly, upon information and belief, the Terms were posted and in effect when Defendant visited Plaintiff's Website to engage in unauthorized copying of the Copyrighted Work in or around April 2020.

38. The Terms specifically state that "BY ENTERING, ACCESSING, BROWSING, SUBMITTING INFORMATION TO, OR OTHERWISE USING THE SITES, . . . YOU AGREE TO THESE TERMS OF USE. . . . If you do not agree to these Terms of Use . . . then you may not use the Sites or any services offered on the Sites." Ex. D, at 1.

39. The Terms specifically address Plaintiff's intellectual property rights in the content available on Plaintiff's Website, and the Terms expressly prohibit unauthorized copying:

> **The arrangement and layout of the Sites,** including but not limited to, the FSD Marks, images, text, graphics, buttons, screenshots, music, digitally downloadable files, and other content or material (collectively, the "Site Content"), **are the sole and exclusive property of FSD**. **You agree not to use the Site Content in any manner** that is likely to cause confusion among customers, that disparages or discredits FSD and/or our licensors, that dilutes the strength of FSD's or our licensors' property, or that otherwise **infringes FSD's** or our licensors' **intellectual property rights**. **UNAUTHORIZED COPYING,** REPRODUCTION, MODIFYING, REPUBLISHING, UPLOADING, DOWNLOADING, POSTING, TRANSMITTING, MAKING DERIVATIVE WORKS OF **OR DUPLICATING ALL OR**

**ANY PART OF THE SITES <u>FOR COMMERCIAL USES</u> IS PROHIBITED**.

Ex. D, at 1-2 (emphasis added).

40. When Defendant engaged in unauthorized copying and duplication of Plaintiff's Copyrighted Work, Defendant violated the Intellectual Property Rights section of the Terms.

**COUNT I**
**Federal Copyright Infringement (17 U.S.C. § 501)**

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. The Copyrighted Work comprises original works of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns valid copyright registrations for the Copyrighted Work, attached as Exhibits A-C.

43. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and public display of the Infringing Work, which is copied from, derivative of, and substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of 17 U.S.C. § 501.

44. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendant illegally to obtain profit therefrom.

45. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant

to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein.

46. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT II
### Common Law Copyright Infringement

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Through its expense and creative efforts, Plaintiff carefully crafted the product categorization system and product descriptions described above as the Copyrighted Work.

49. As a result of its years-long creative and persistent efforts, Plaintiff developed the Copyrighted Work and owns common law copyrights in the same.

50. Plaintiff never consented to Defendant's use of its Copyrighted Work.

51. Upon information and belief, Defendant knowingly and deliberately copied the Copyrighted Work without authorization and proceeded to publicly display the Infringing Work without authorization. Indeed, Defendant was put on notice as to the protected nature of the content on Plaintiff's Website by the Terms of Use posted thereon.

52. With such actual knowledge, Defendant willfully and intentionally infringed on Plaintiff's common law copyrights in the Copyrighted Work in order to reap the benefits of the common law copyrights for the Defendant's own gain.

53. As a direct and proximate result of Defendant's infringement, Plaintiff was prevented from reaping the fruits of its own labor and creativity in producing the Copyrighted Work and has been damaged in an amount to be determined at trial.

### COUNT III
### Breach of Contract

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. As described above, Plaintiff and Defendant are parties to the Terms of Use posted on Plaintiff's Website.

56. By visiting and using Plaintiff's Website, Defendant consented to be bound by the Terms of Use posted on Plaintiff's Website.

57. The Terms of Use prohibit unauthorized copying of content from Plaintiff's Website and specifically prohibit the commercial use of such material.

58. Defendant engaged in unauthorized copying and subsequently made commercial use of such unauthorized copying in direct violation of the Terms of Use.

59. Accordingly, Defendant's conduct alleged herein constitutes breach of contract.

60. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from displaying the Infringing Work or any other copy or derivative of the Copyrighted Work, as well as damages to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment that Defendant has violated Section 501 of the Copyright Act, 17 U.S.C. § 501;

B. That the Court enter judgment that Defendant is liable for common law copyright infringement;

C. That the Court enter judgment that Defendant breached its contractual obligations under Plaintiff's Terms of Use;

D. That the Court grant an injunction preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

  i. copying, distributing, or displaying or authorizing any third party to copy, distribute, or display the Infringing Work and any works or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

  ii. reproducing, distributing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

  iii. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) or (ii).

E. That the Court order Defendant to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct;

F. That the Court order Defendant to destroy all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's conduct,

        including without limitation all remaining copies of the Infringing Work and any works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work,

G. That the Court award Plaintiff Defendant's profits obtained as a result of Defendant's infringing conduct;

H. That the Court award Plaintiff damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

I. That the Court award Plaintiff damages and equitable relief for Defendant's common law copyright infringement and breach of contract;

J. That the Court award Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums;

K. That the Court award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 23, 2021

Respectfully submitted,

**CONOPCO, INC.**
**d/b/a FOOD SERVICE DIRECT**

By: /s/ *Craig L. Mytelka*
Craig L. Mytelka
Virginia State Bar No. 31652
Counsel for Plaintiff
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
cmytelka@williamsmullen.com

Clinton H. Brannon
Virginia State Bar No. 72340
Counsel for Plaintiff
WILLIAMS MULLEN
8300 Greensboro Drive, Suite 1100
Tysons, Virginia 22102
Telephone: (703) 760-5226
Facsimile: (757) 748-0244
cbrannon@williamsmullen.com

Yiorgos L. Koliopoulos
Virginia State Bar No. 93608
Counsel for Plaintiff
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
gkoliopoulos@williamsmullen.com